| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | CHRISTOPHER R. BALL  #111280 |
| 2 | LAURA C. GUSTAFSON  #191515 |
|   | 50 Fremont Street |
| 3 | Post Office Box 7880 |
|   | San Francisco, CA  94120-7880 |
| 4 | Telephone: (415) 983-7231 |
|   | Facsimile: (415) 983-1200 |
| 5 | Email: cball@pillsburylaw.com |
| 6 | Attorneys for Plaintiff |
|   | THE BOARD OF TRUSTEES OF THE |
| 7 | LELAND STANFORD JUNIOR UNIVERSITY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, | ) ) ) ) | Case No. C-08-2117 EDL |
| Plaintiff, | ) ) | STANFORD'S RULE 7-11 ADMINISTRATIVE MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| vs. | ) ) | |
| STANFORD REHAB MEDICAL GROUP, | ) ) | (Honorable Elizabeth D. Laporte) |
| Defendant. | ) ) ) | |

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 7-11, plaintiff THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY hereby applies for entry of default judgment in its favor and against defendant as set forth in the accompanying [Proposed] Default Judgment, filed herewith.  This motion is based on the Declaration of Laura C. Gustafson, set forth below, the Clerk's entry of default, filed July 11, 2008, and on the records, pleadings and other documents on file in this action.

Dated:  July 29, 2008.   PILLSBURY WINTHROP SHAW PITTMAN LLP
                          CHRISTOPHER R. BALL/LAURA C. GUSTAFSON
                          50 Fremont Street
                          P.O. Box 7880
                          San Francisco, CA 94120-7880

                          By:  s/Christopher R. Ball
                              Christopher R. Ball
                              Attorneys for Plaintiff
                              THE BOARD OF TRUSTEES OF THE
                              LELAND STANFORD JUNIOR UNIVERSITY

## DECLARATION OF LAURA C. GUSTAFSON

1. I am a member of the State Bar of California and an attorney at law duly admitted to practice before this Court. I am a Senior Associate with the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel for plaintiff THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("Stanford"). My practice includes trademark and copyright protection; trademark prosecution, clearance and policing worldwide, including opposition and cancellation proceedings before the Trademark Trial and Appeal Board; domain name disputes; and intellectual property due diligence and counseling. I have personal knowledge of the matters set forth in this declaration, except where stated on information and belief, in which case I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below. I make this declaration in support of Stanford's Rule 7-11 motion for entry of default judgment in favor of Stanford and against defendant.

2. Based on my work and representation of Stanford for several years, and my factual investigation in connection with this and other matters on behalf of Stanford, I am informed and believe that Stanford has been using its STANFORD name and trademark continuously since at least as early as 1891. I am further informed and believe that Stanford owns numerous trademark registrations worldwide, including the following U.S. trademark registrations: STANFORD (Registration No. 1221613), STANFORD (Registration No. 2194918); STANFORD UNIVERSITY MEDICAL CENTER (Registration No. 1699544).

3. I am informed and believe that Stanford has been providing medical services under the STANFORD name and mark since at least as early as 1908, and for many years has been operating the Stanford Medical Center, the Stanford Medical School, the Stanford Hospital and its affiliated clinics and labs under the STANFORD name and mark, causing the STANFORD name and trademark to become famous and associated with Stanford.

4. In or about the Fall of 2007, Stanford learned that defendant was continuing to use and expand use of the name and mark "Stanford Rehab Medical Group" and/or "Stanford Rehab Weight Loss Clinic" in connection with one or more medical clinics, offering, among other things, weight loss and weight management treatments and programs. I subsequently

1  learned that these clinics were being operated in part by Dr. Milliard Syverain.  Defendant is in
2  no way affiliated with or sponsored by Stanford.

3       5.   On October 10, 2007, I sent a letter to Dr. Syverain demanding that defendant
4  cease and desist all use of the STANFORD name and mark.  By responsive letter dated October
5  19, 2007, Dr. Syverain indicated that defendant would comply with Stanford's demands and
6  terminate all use of the STANFORD name and mark, stating "[y]our case is well understood.
7  Therefore we have elected to be in compliance with the request made to cease and desist all use
8  of the Stanford name and mark."  Dr. Syverain further stated that defendant was "in the process
9  of asking the office of the Secretary of State of California to dissolve that corporation under the
10 banner of Stanford Rehab Medical Group, P.C." and asked that Stanford "give us enough time
11 to complete implementation of [Stanford's] request."

12      6.   I sent Dr. Syverain follow-up letters on December 21, 2007 and January 29,
13 2008 asking that he confirm defendant's termination of its use of the STANFORD name and
14 mark.  I also enclosed a proposed Settlement Agreement to resolve the matter.  Dr. Syverain
15 failed to respond to my letters or execute the Settlement Agreement.  I wrote again to Dr.
16 Syverain on March 4, 2008, explaining that it had come to Stanford's attention that defendant
17 was still using the STANFORD name and mark.  I notified him that Stanford would file an
18 action for trademark infringement if defendant did not cease its infringing activities.

19      7.   Despite Dr. Syverain's representations about terminating use of the
20 STANFORD name and mark, our investigation showed that defendant continued to use the
21 STANFORD name and mark.  Records of the California Secretary of State showed that the
22 defendant corporation, "Stanford Rehab Medical Group," had not been dissolved and was still
23 active and in good standing.  In addition, defendant was continuing to use the "Stanford Rehab
24 Weight Loss Clinic" name and mark on exterior signage, and defendant was continuing to use
25 business cards displaying the name and mark of "Stanford Rehab Medical Group."

26      8.   As a result of defendant's continued use of the STANFORD name and mark, on
27 April 23, 2008, Stanford commenced this action by filing a complaint against defendant,
28 asserting federal and state law claims for trademark infringement, trademark dilution and unfair

1   competition. A copy of the complaint and summons were served on April 25, 2008.

2       9.    I am informed and believe that defendant is a corporation and thus is not a
3   minor, incompetent person, or a person in military service or otherwise exempted from default
4   judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

5       10.   Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the deadline for
6   defendant to answer or otherwise respond to Stanford's complaint was May 15, 2008 (i.e., 20
7   days after service). Defendant failed to file any responsive pleading by this deadline.

8       11.   I am informed and believe that defendant is not represented by counsel in this
9   litigation. After confirming with Dr. Syverain that defendant was not represented by counsel, I
10  have communicated with Dr. Syverain, whom I am informed and believe serves as president,
11  secretary, and medical director of defendant corporation, in an effort to resolve this action. On
12  June 20, 2008, I wrote to Dr. Syverain to point out that defendant was still engaged in acts of
13  infringement, and to ask defendant to enter into a Stipulated Judgment. A copy of my June 20,
14  2008 letter to Dr. Syverain, including the enclosed Stipulated Judgment, is attached to this
15  declaration as Exhibit A. Defendant did not execute the Stipulated Judgment nor provide
16  sufficient evidence to demonstrate it had terminated all use of the STANFORD name and mark.

17      12.   On July 2, 2008, I wrote again to Dr. Syverain to advise him that that defendant
18  was in default and that Stanford would be seeking entry of default based on defendant's failure
19  to respond to the complaint. Attached to this declaration as Exhibit B is a true and correct copy
20  of my July 2, 2008 letter to Dr. Syverain. I also advised Dr. Syverain of Stanford's intent to
21  seek entry of default in a telephone call on July 1, 2008.

22      13.   After Dr. Syverain failed to execute the Stipulated Judgment or respond to
23  Stanford's complaint, on July 9, 2008 Stanford filed a Request to Clerk to Enter Default
24  pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In response to that Request, on
25  July 11, 2008 the Clerk entered default as to defendant.

26      14.   Stanford requests that the Court enter the [Proposed] Default Judgment, filed
27  herewith, and grant the injunctive relief sought by Stanford in its complaint. While Stanford's
28  complaint includes a prayer for monetary damages (including treble damages and punitive

damages) sustained as a result of the acts of defendant, Stanford only asks that the Court enter the injunctive relief prayed for in the complaint, along with an award of costs and attorneys fees pursuant to 15 U.S.C. § 1117(a).

15. In its complaint, Stanford asserts claims for violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*. Under Lanham Act § 35, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." A trademark infringement case may be deemed "exceptional" where the defendant is found to have acted maliciously, fraudulently, deliberately or willfully. *See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1201, 1216 (9th Cir. 2003). Willfulness may be found based on a defendant's failure to discontinue infringing use after receipt of a cease and desist letter. *Id.* at 1218-19.

16. As stated above, I sent a number of letters asking defendant to cease and desist its infringing use. Despite those letters, defendant failed to provide proof that it had terminated the infringing use. As a result, Stanford was forced to file and prosecute this action. In doing so, Stanford incurred attorneys' fees in April, May and June 2008 in preparing its complaint, seeking to obtain a stipulated judgment from defendant, and prosecuting this action through the Clerk's entry of default. Attached to this declaration as Exhibit C are true and correct copies of excerpts of the statements issued by my firm to Stanford for attorneys fees incurred in April, May and June 2008 in connection with this action. These excerpts include a description of the work performed, the date the work was performed, the attorney who performed the work, the time it took to do the work and the total amount charged for the work performed each month. These statements show total fees billed to Stanford of $16,945.72, representing work done by me (18.3 hours at $475.20), by associate Marley Degner (16.1 hours at $259.60) and by partner Christopher Ball (7.4 hours at $550).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration this 29th day of July, 2008 at San Francisco, California.

s/Laura C. Gustafson
Laura C. Gustafson

1 **Filer's Attestation:**

2 I, Marley Degner, am the ECF user whose identification and password are being used to file

3 this **STANFORD'S RULE 7-11 ADMINISTRATIVE MOTION FOR ENTRY OF DEFAULT JUDGMENT**.  In compliance with General Order 45.X.B, I hereby attest that

4 Christopher R. Ball and Laura Gustafson concur in this filing.

5 By _____   s/ Marley Degner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28