```
1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   CHRISTOPHER R. BALL #111280
2  LAURA C. GUSTAFSON #191515
   50 Fremont Street
3  Post Office Box 7880
   San Francisco, CA 94120-7880
4  Telephone: (415) 983-7231
   Facsimile: (415) 983-1200
5  Email: cball@pillsburylaw.com

6  Attorneys for Plaintiff
   THE BOARD OF TRUSTEES OF THE
7  LELAND STANFORD JUNIOR UNIVERSITY
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STANFORD REHAB MEDICAL GROUP,<br><br>　　　　　　Defendant. | Case No. C-08-2117 EDL<br><br>**STANFORD'S RULE 7-11 ADMINISTRATIVE MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>(Honorable Elizabeth D. Laporte) |

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 7-11, plaintiff THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY hereby applies for entry of default judgment in its favor and against defendant as set forth in the accompanying [Proposed] Default Judgment, filed herewith. This motion is based on the Declaration of Laura C. Gustafson, set forth below, the Clerk's entry of default, filed July 11, 2008, and on the records, pleadings and other documents on file in this action.

Dated: July 29, 2008.

　　　　　　PILLSBURY WINTHROP SHAW PITTMAN LLP
　　　　　　CHRISTOPHER R. BALL/LAURA C. GUSTAFSON
　　　　　　50 Fremont Street
　　　　　　P.O. Box 7880
　　　　　　San Francisco, CA 94120-7880

　　　　　　By:　s/Christopher R. Ball
　　　　　　　　　Christopher R. Ball
　　　　　　Attorneys for Plaintiff
　　　　　　THE BOARD OF TRUSTEES OF THE
　　　　　　LELAND STANFORD JUNIOR UNIVERSITY

## DECLARATION OF LAURA C. GUSTAFSON

1. I am a member of the State Bar of California and an attorney at law duly admitted to practice before this Court. I am a Senior Associate with the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel for plaintiff THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("Stanford"). My practice includes trademark and copyright protection; trademark prosecution, clearance and policing worldwide, including opposition and cancellation proceedings before the Trademark Trial and Appeal Board; domain name disputes; and intellectual property due diligence and counseling. I have personal knowledge of the matters set forth in this declaration, except where stated on information and belief, in which case I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below. I make this declaration in support of Stanford's Rule 7-11 motion for entry of default judgment in favor of Stanford and against defendant.

2. Based on my work and representation of Stanford for several years, and my factual investigation in connection with this and other matters on behalf of Stanford, I am informed and believe that Stanford has been using its STANFORD name and trademark continuously since at least as early as 1891. I am further informed and believe that Stanford owns numerous trademark registrations worldwide, including the following U.S. trademark registrations: STANFORD (Registration No. 1221613), STANFORD (Registration No. 2194918); STANFORD UNIVERSITY MEDICAL CENTER (Registration No. 1699544).

3. I am informed and believe that Stanford has been providing medical services under the STANFORD name and mark since at least as early as 1908, and for many years has been operating the Stanford Medical Center, the Stanford Medical School, the Stanford Hospital and its affiliated clinics and labs under the STANFORD name and mark, causing the STANFORD name and trademark to become famous and associated with Stanford.

4. In or about the Fall of 2007, Stanford learned that defendant was continuing to use and expand use of the name and mark "Stanford Rehab Medical Group" and/or "Stanford Rehab Weight Loss Clinic" in connection with one or more medical clinics, offering, among other things, weight loss and weight management treatments and programs. I subsequently

1  learned that these clinics were being operated in part by Dr. Milliard Syverain. Defendant is in
2  no way affiliated with or sponsored by Stanford.

3  5.  On October 10, 2007, I sent a letter to Dr. Syverain demanding that defendant
4  cease and desist all use of the STANFORD name and mark. By responsive letter dated October
5  19, 2007, Dr. Syverain indicated that defendant would comply with Stanford's demands and
6  terminate all use of the STANFORD name and mark, stating "[y]our case is well understood.
7  Therefore we have elected to be in compliance with the request made to cease and desist all use
8  of the Stanford name and mark." Dr. Syverain further stated that defendant was "in the process
9  of asking the office of the Secretary of State of California to dissolve that corporation under the
10 banner of Stanford Rehab Medical Group, P.C." and asked that Stanford "give us enough time
11 to complete implementation of [Stanford's] request."

12  6.  I sent Dr. Syverain follow-up letters on December 21, 2007 and January 29,
13 2008 asking that he confirm defendant's termination of its use of the STANFORD name and
14 mark. I also enclosed a proposed Settlement Agreement to resolve the matter. Dr. Syverain
15 failed to respond to my letters or execute the Settlement Agreement. I wrote again to Dr.
16 Syverain on March 4, 2008, explaining that it had come to Stanford's attention that defendant
17 was still using the STANFORD name and mark. I notified him that Stanford would file an
18 action for trademark infringement if defendant did not cease its infringing activities.

19  7.  Despite Dr. Syverain's representations about terminating use of the
20 STANFORD name and mark, our investigation showed that defendant continued to use the
21 STANFORD name and mark. Records of the California Secretary of State showed that the
22 defendant corporation, "Stanford Rehab Medical Group," had not been dissolved and was still
23 active and in good standing. In addition, defendant was continuing to use the "Stanford Rehab
24 Weight Loss Clinic" name and mark on exterior signage, and defendant was continuing to use
25 business cards displaying the name and mark of "Stanford Rehab Medical Group."

26  8.  As a result of defendant's continued use of the STANFORD name and mark, on
27 April 23, 2008, Stanford commenced this action by filing a complaint against defendant,
28 asserting federal and state law claims for trademark infringement, trademark dilution and unfair

competition. A copy of the complaint and summons were served on April 25, 2008.

9. I am informed and believe that defendant is a corporation and thus is not a minor, incompetent person, or a person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

10. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the deadline for defendant to answer or otherwise respond to Stanford's complaint was May 15, 2008 (i.e., 20 days after service). Defendant failed to file any responsive pleading by this deadline.

11. I am informed and believe that defendant is not represented by counsel in this litigation. After confirming with Dr. Syverain that defendant was not represented by counsel, I have communicated with Dr. Syverain, whom I am informed and believe serves as president, secretary, and medical director of defendant corporation, in an effort to resolve this action. On June 20, 2008, I wrote to Dr. Syverain to point out that defendant was still engaged in acts of infringement, and to ask defendant to enter into a Stipulated Judgment. A copy of my June 20, 2008 letter to Dr. Syverain, including the enclosed Stipulated Judgment, is attached to this declaration as Exhibit A. Defendant did not execute the Stipulated Judgment nor provide sufficient evidence to demonstrate it had terminated all use of the STANFORD name and mark.

12. On July 2, 2008, I wrote again to Dr. Syverain to advise him that that defendant was in default and that Stanford would be seeking entry of default based on defendant's failure to respond to the complaint. Attached to this declaration as Exhibit B is a true and correct copy of my July 2, 2008 letter to Dr. Syverain. I also advised Dr. Syverain of Stanford's intent to seek entry of default in a telephone call on July 1, 2008.

13. After Dr. Syverain failed to execute the Stipulated Judgment or respond to Stanford's complaint, on July 9, 2008 Stanford filed a Request to Clerk to Enter Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In response to that Request, on July 11, 2008 the Clerk entered default as to defendant.

14. Stanford requests that the Court enter the [Proposed] Default Judgment, filed herewith, and grant the injunctive relief sought by Stanford in its complaint. While Stanford's complaint includes a prayer for monetary damages (including treble damages and punitive

damages) sustained as a result of the acts of defendant, Stanford only asks that the Court enter the injunctive relief prayed for in the complaint, along with an award of costs and attorneys fees pursuant to 15 U.S.C. § 1117(a).

15. In its complaint, Stanford asserts claims for violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*. Under Lanham Act § 35, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." A trademark infringement case may be deemed "exceptional" where the defendant is found to have acted maliciously, fraudulently, deliberately or willfully. *See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1201, 1216 (9th Cir. 2003). Willfulness may be found based on a defendant's failure to discontinue infringing use after receipt of a cease and desist letter. *Id.* at 1218-19.

16. As stated above, I sent a number of letters asking defendant to cease and desist its infringing use. Despite those letters, defendant failed to provide proof that it had terminated the infringing use. As a result, Stanford was forced to file and prosecute this action. In doing so, Stanford incurred attorneys' fees in April, May and June 2008 in preparing its complaint, seeking to obtain a stipulated judgment from defendant, and prosecuting this action through the Clerk's entry of default. Attached to this declaration as Exhibit C are true and correct copies of excerpts of the statements issued by my firm to Stanford for attorneys fees incurred in April, May and June 2008 in connection with this action. These excerpts include a description of the work performed, the date the work was performed, the attorney who performed the work, the time it took to do the work and the total amount charged for the work performed each month. These statements show total fees billed to Stanford of $16,945.72, representing work done by me (18.3 hours at $475.20), by associate Marley Degner (16.1 hours at $259.60) and by partner Christopher Ball (7.4 hours at $550).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration this 29th day of July, 2008 at San Francisco, California.

s/Laura C. Gustafson
Laura C. Gustafson

**Filer's Attestation:**

I, Marley Degner, am the ECF user whose identification and password are being used to file this **STANFORD'S RULE 7-11 ADMINISTRATIVE MOTION FOR ENTRY OF DEFAULT JUDGMENT**. In compliance with General Order 45.X.B, I hereby attest that Christopher R. Ball and Laura Gustafson concur in this filing.

By _____ s/ Marley Degner

# EXHIBIT A

**pillsbury**

50 Fremont Street  
San Francisco, CA 94105  
Tel 415.983.1000  
Fax 415.983.1200

MAILING ADDRESS  
P. O. Box 7880  
San Francisco, CA 94120  
www.pillsburylaw.com

June 20, 2008

Laura C. Gustafson  
Phone: 415.983.6318  
laura.gustafson@pillsburylaw.com

<u>Via Certified Mail - Return Receipt Requested</u>  
<u>And Facsimile</u>

Dr. Milliard Syverain, M.D.  
88 W. Tully Road, Suite 110  
San Jose, CA 95111

Re:   *The Board of Trustees of the Leland Stanford Junior University v. Stanford Rehab Medical Group*, U.S. District Court for the Northern District of California – Case No. C08 02117 EDI

Dear Dr. Syverain:

We refer to your facsimile of June 6, 2008. We are responding to you directly because we understand that you have not retained counsel to represent you in this matter. If this is not correct, please forward this letter to your attorney and have your attorney contact us.

Your June 6 fax enclosed a copy of a June 3, 2008, letter to you from the California Secretary of State rejecting your request to amend the name of your company from Stanford Rehab Medical Group to Milliard Syverain, M.D. Prof. Corp. DBA Shasa Medical Group & La belle Laser and Skincare Center, Inc.

Please immediately take the necessary steps to effect your company name change, and please provide us with the following items to document the company name change and to confirm that you have terminated all use of the STANFORD name and mark:

(i)    A current business card;

(ii)   A copy of your current business stationery or letterhead;

(iii)  Photos of the exterior signage at all locations; and

(iv)   A copy of the proof of name change from the Secretary of State. To date, you have only provided us with a document indicating that the Secretary of State has *rejected* your name change request.

701139686v1

Dr. Milliard Syverain, M.D.
June 20, 2008
Page 2

In addition, please review and execute two copies of the enclosed Stipulated Judgment and return them to us for countersignature by Stanford. Once executed, this Stipulated Final Judgment will be filed with the Court, and if accepted by the Court, will terminate the pending case.

Per the terms of the Stipulated Judgment, Stanford is seeking reimbursement of $7,500, in partial compensation for its fees and costs incurred as a result of your infringing use of the STANFORD name and mark. This amount reflects only a portion of the legal fees Stanford was forced to incur after you failed to comply with your commitment made in October 2007 to comply with Stanford's demand to cease use of the Stanford name.

Until you comply with the above, Stanford will continue with its pending claims in federal court.

\* \* \* \* \*

Please contact me if you have any questions. We look forward to receiving your proof of compliance and two copies of the signed Stipulated Judgment.

Very truly yours,

Laura C. Gustafson

Enclosure

```
1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   CHRISTOPHER R. BALL #111280
2  MARLEY DEGNER # 251923
   50 Fremont Street
3  P.O. Box 7880
   San Francisco, California  94120-7880
4  Telephone:  (415) 983-7231
   Facsimile:  (415) 983-1200
5  Email:  cball@pillsburylaw.com

6  Attorneys for Plaintiff
   THE BOARD OF TRUSTEES OF THE
7  LELAND STANFORD JUNIOR UNIVERSITY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STANFORD REHAB MEDICAL GROUP,<br><br>Defendant. | Case No. C08 02117 EDL<br><br>**STIPULATED JUDGMENT** |

Plaintiff, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("Stanford"), and defendant STANFORD REHAB MEDICAL GROUP ("defendant"), hereby stipulate as follows:

**RECITALS**

WHEREAS, Stanford has been using its STANFORD mark continuously since at least as early as 1891, and owns numerous trademark registrations worldwide, including the following U.S. trademark registrations STANFORD (RN 1221613); STANFORD (RN

2194918); STANFORD UNIVERSITY MEDICAL CENTER (RN 1699544) (the "Stanford Marks");

WHEREAS, Stanford has been providing medical services under the Stanford name and mark since at least as early as 1908 and for many years has been operating the Stanford Medical Center, the Stanford Medical School, the Stanford Hospital and its affiliated clinics and labs under the STANFORD name and mark, causing the STANFORD name and trademark to become famous and associated exclusively with Stanford.

WHEREAS, defendant has used the name and mark "Stanford Rehab Medical Group" and/or "Stanford Rehab Weight Loss Clinic" in connection with one or more medical clinics offering, among other things, weight loss and weight management treatments and programs;

WHEREAS, Stanford demanded that defendant cease all use of the STANFORD name and mark, and by letter, dated October 19, 2007, defendant indicated in writing that it would comply with Stanford's demands and terminate all use of the STANFORD name and mark;

WHEREAS, defendant continued to use the STANFORD name and mark;

WHEREAS, on April 23, 2008, Stanford commenced this action against defendant, asserting various federal and state law claims, including claims for trademark infringement, trademark dilution and unfair competition;

WHEREAS, defendants have been served with the summons and complaint;

WHEREAS, by letter dated April 30, 2008, defendant re-affirmed its intent to comply with Stanford's demands and terminate all use of the STANFORD name and mark;

WHEREAS, the parties desire to resolve this litigation pursuant to the terms of this Stipulated Judgment, as set forth below.

NOW, THEREFORE, based upon the stipulation of the parties, and for good cause shown, it is hereby ORDERED, ADJUDGED and DECREED that final judgment is entered as follows:

1.  Defendant, along with its officers, agents, servants, employees, representatives, attorneys and all persons in active concert, privity or participation with defendant, shall immediately cease all use of the STANFORD name and mark and shall be immediately and

permanently enjoined and restrained from engaging in, committing, causing or abetting, directly or indirectly, any and all of the following acts:

    a) Making any use of the names and marks "Stanford Rehab Medical Group" and "Stanford Rehab Medical Clinic";

    b) Using any trade name or business name consisting of or incorporating the name and mark "STANFORD" or any other name or mark confusingly similar thereto;

    c) Making any statement, whether spoken, written or otherwise, or engaging in any business activity, that suggests that any business they own, operate or work in is in any way a part of, associated with, sponsored by or endorsed by Stanford;

    d) Using any business signage that uses the name or mark "STANFORD" or any other name or mark confusingly similar thereto;

    e) Using any business stationery, business cards, scripts, invoices, business credit cards, websites or any other business material that bears the name or mark "STANFORD" or any other name or mark confusingly similar thereto;

    f) Registering any domain name, or operating a website accessible by any domain name, consisting of or incorporating the term "STANFORD;"

    g) Using any advertising, whether print, online, radio or other, that uses the name or mark "STANFORD," or any other name or mark confusingly similar thereto.

2. Within ten (10) days from the date of entry of this Stipulated Judgment, defendant shall provide to Stanford proof that it has filed appropriate documents with the Secretary of State to effectively terminate or dissolve "Stanford Rehab Medical Group" or to otherwise change the name in compliance with this Stipulated Judgment.

3. Defendant agrees to pay all reasonable attorneys' fees, court costs and other costs and expenses incurred by Stanford directly or indirectly in connection with proceedings related to enforcement of this Stipulated Judgment against defendant, if necessary.

4. Defendant agrees to pay Stanford the amount of $7,500, as partial reimbursement for Stanford's costs and fees incurred in connection with this action, to be paid

1  within ten (10) days from the date of entry of this Stipulated Judgment.

2      5.    Except as provided in paragraph 4 above, each party shall bear its own attorneys' fees and costs with respect to this action up to the date hereof.

4      6.    This Court retains jurisdiction to enforce this Stipulated Judgment, and to resolve any disputes arising here under.

Dated: _____.

PILLSBURY WINTHROP SHAW PITTMAN LLP
CHRISTOPHER R. BALL
MARLEY DEGNER
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By _____
      Christopher R. Ball

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY

Dated: _____.

STANFORD REHAB MEDICAL GROUP
DR. MILLIARD SYVERAIN, M.D.
88 W. Tully Road, Suite 110
San Jose, CA 95111

By_____
      Dr. Milliard Syverain, M.D.
      President, Stanford Rehab Medical Group

IT IS SO <u>ORDERED</u>.

Dated: _____.

_____
Honorable Magistrate E. D. LaPorte
U.S. District Court Magistrate

# EXHIBIT B



| | |
|---|---|
| 50 Fremont Street | MAILING ADDRESS |
| San Francisco, CA 94105 | P. O. Box 7880 |
| Tel 415.983.1000 | San Francisco, CA 94120 |
| Fax 415.983.1200 | www.pillsburylaw.com |

July 2, 2008

Laura C. Gustafson
Phone: 415.983.6318
laura.gustafson@pillsburylaw.com

<u>Via Certified Mail - Return Receipt Requested
And Facsimile</u>

Dr. Milliard Syverain, M.D.
88 W. Tully Road, Suite 110
San Jose, CA 95111

Re: *The Board of Trustees of the Leland Stanford Junior University v. Stanford Rehab Medical Group*, U.S. District Court for the Northern District of California – Case No. C08 02117 EDI

Dear Dr. Syverain:

This will confirm our telephone call of today and our previous correspondence in this matter. We are responding to you directly because you have indicated that you have not retained counsel to represent you in this matter. If this is not correct, please forward this letter to your attorney and have your attorney contact us.

We acknowledge your efforts to date to terminate use of the STANFORD name and mark. As we discussed, however, many months have passed since you initially agreed to terminate use of the STANFORD name and mark in October 2007, and your company has yet to fully comply. Accordingly, while Stanford would prefer to resolve this matter amicably, Stanford must take the necessary steps to protect its rights.

In October 2007, you represented that you would terminate all use of the STANFORD name and mark. We sent several follow up letters requesting proof of compliance; you neither provided proof of compliance nor responded in any way to our letters. Accordingly, after several attempts to resolve this matter amicably, Stanford was forced to file a federal trademark infringement action against Stanford Rehab Medical Group. In response to the pending action, you again represented that you had terminated all use of the STANFORD name and mark and would provide us with evidence of your termination. Despite several requests to you regarding compliance, the only documents which you have provided to us are the following: (i) a June 24, 2008, fax, which, as we discussed, displays a fax stamp (i.e. the fax header generated by your fax machine, which appears on all outgoing faxes from your office) reading "STANFORD MEDICAL

701160160v2

Dr. Milliard Syverain, M.D.
July 2, 2008
Page 2

GROUP"; and (ii) a June 6, 2008, fax enclosing a letter from the Secretary of State *rejecting* your name change request.

You have indicated that you are taking actions to properly effect the name change and correct the fax header and we look forward to receiving the proof of the completed name change and fax header correction. In the meantime, however, as we discussed, Stanford's federal action against you is still pending. To date, you have failed to fully terminate all use of the STANFORD name and mark, you have failed to sign or otherwise respond to our proposed Stipulated Judgment and you have failed to file an Answer to the Complaint. Accordingly, while Stanford would prefer to resolve this matter amicably, Stanford has no choice but to continue with its pending action against Stanford Rehab Medical Group, including filing a petition with the Court for a default judgment against you.

Very truly yours,

*[signature]*

Laura C. Gustafson

# EXHIBIT C

June 16, 2008
Invoice No. 7440556
Page 2

**TM: STANFORD REHAB MEDICAL - Protest**
2400200

For Professional Services Rendered And Disbursements Incurred Through May 31, 2008

| Timekeeper | Date | Service | Hours |
|---|---|---|---|
| M. Degner | 05/02/08 | Research deadline to efile Proof of Service and Summons. | 0.10 |
| M. Degner | 05/05/08 | Research case scheduling issues; efile Proof of Service and Summons; research Judge Laporte. | 2.50 |
| C. R. Ball | 05/08/08 | Review letter from defendant re compliance; emails L. Gustafson. | 0.30 |
| M. Degner | 05/08/08 | Review regarding current status of matter. | 0.10 |
| L. C. Gustafson | 05/08/08 | Teleconference with A. Schurman regarding status; review response from Stanford Rehab; prepare report. | 1.30 |
| C. R. Ball | 05/09/08 | Confer with L. Gustafson re strategy in seeking resolution; collect and review template for stipulated final judgment; confer re Magistrate Laporte. | 0.40 |
| M. Degner | 05/09/08 | Review regarding strategy going forward. | 0.30 |
| L. C. Gustafson | 05/09/08 | Prepare draft Stipulated Judgment; review regarding recovery of damages; report to P. Dunkley and A. Schurman. | 3.50 |
| C. R. Ball | 05/12/08 | Confer M. Degner re proposed stipulated judgment and communications with defendant; review emails to and from P. Dunkley. | 0.20 |
| L. C. Gustafson | 05/12/08 | Revise Stipulated Judgment; draft letter to Stanford Rehab regarding compliance; review regarding default issue; report to P. Dunkley. | 2.10 |
| C. R. Ball | 05/21/08 | Review and revise draft letter and proposed stipulated judgment to defendant; confer L. Gustafson | 1.30 |
| L. C. Gustafson | 05/21/08 | Revise letter to defendant and Stipulated Judgment; report to P. Dunkley. | 0.80 |
| C. R. Ball | 05/23/08 | Review P. Dunkley email with revisions to Stipulated Judgment and letter to defendant; confer L. Gustafson. | 0.20 |
| L. C. Gustafson | 05/23/08 | Revise and finalize letter to defendant and Stipulated Judgment. | 0.40 |
| | | Total Hours: | 13.50 |

**Total Fees Due:** $ 5,947.92

July 17, 2008
Invoice No. 7450206
Page 2

---

**TM: STANFORD REHAB MEDICAL - Protest**
2400200

For Professional Services Rendered And Disbursements Incurred Through June 30, 2008

| Timekeeper | Date | Service | Hours |
|---|---|---|---|
| L. C. Gustafson | 06/06/08 | Review communication from Stanford Rehab; report to A. Schurman. | 0.50 |
| C. R. Ball | 06/09/08 | Review L. Gustafson communication and materials from Dr. Syverain; draft email re strategy in response. | 0.20 |
| L. C. Gustafson | 06/19/08 | Draft letter to defendant regarding compliance and proposed stipulated judgment; report to A. Schurman. | 1.50 |
| C. R. Ball | 06/20/08 | Emails L. Gustafson re defendant's failure to respond, upcoming deadline to meet and confer, and possible default; review email from P. Dunkley. | 0.10 |
| C. R. Ball | 06/24/08 | Review fax from opposing party; review email to P. Dunkley; assess next steps. | 0.10 |
| M. Degner | 06/24/08 | Telephone call with L. Gustafson regarding case update, meet and confer deadline, and obtaining a default judgment. | 0.20 |
| L. C. Gustafson | 06/24/08 | Review fax from defendant; review regarding upcoming court scheduling issues; report to P. Dunkley and A. Schurman. | 0.50 |
| M. Degner | 06/25/08 | Research regarding meet and confer conference; research regarding obtaining a default judgment; write email to L. Gustafson and C. Ball summarizing research. | 3.00 |
| C. R. Ball | 06/27/08 | Telephone call with M. Degner to discuss strategy re meet and confer requirement and default application; confer L Gustafson re strategy in dealing with Dr. Syverain and seeking default; revise letter to Dr. Syverain. | 1.20 |
| M. Degner | 06/27/08 | Telephone call with C. Ball regarding strategy, meet and confer conference, and obtaining a default judgment; meeting with L. Gustafson regarding strategy. | 0.50 |
| L. C. Gustafson | 06/27/08 | Review regarding scheduling requirements and strategy for further action; teleconference with P. Dunkley regarding same; contact defendant regarding compliance; prepare letter to defendant. | 2.00 |
| M. Degner | 06/30/08 | Begin drafting affidavit in support of default judgment. | 0.70 |
| | | Total Hours: | 10.50 |

Total Fees Due:    $ 4,160.64

May 20, 2008
Invoice No. 7433369
Page 2

---

**TM: STANFORD REHAB MEDICAL - Protest**
2400200

For Professional Services Rendered And Disbursements Incurred Through April 30, 2008

| Timekeeper | Date | Service | Hours |
|---|---|---|---|
| L. C. Gustafson | 04/10/08 | Revise Complaint and exhibits. | 2.00 |
| C. R. Ball | 04/12/08 | Review and revise draft complaint. | 2.40 |
| L. C. Gustafson | 04/15/08 | Revise and finalize complaint and report to A. Schurman. | 1.50 |
| C. R. Ball | 04/18/08 | Confer L. Gustafson re filing complaint; confer M. Degner re filing complaint and associated documents (civil cover sheet, summons, certifications, service, etc.). | 0.30 |
| M. Degner | 04/18/08 | Review complaint and make edits; review local rules for Northern District of California. | 2.90 |
| L. C. Gustafson | 04/18/08 | Prepare final exhibits. | 0.50 |
| M. Degner | 04/21/08 | Draft Civil Cover Sheet, Summons, and Certification of Interested Entities or Persons. | 2.00 |
| C. R. Ball | 04/22/08 | Review and revise draft complaint, civil cover sheet and related documents prior to filing; confer M. Degner. | 0.30 |
| M. Degner | 04/22/08 | Edit complaint; telephone calls with calendar department. | 1.20 |
| C. R. Ball | 04/23/08 | Review pleadings prior to filing; confer M. Degner. | 0.20 |
| M. Degner | 04/23/08 | Make edits to complaint. | 0.90 |
| L. C. Gustafson | 04/23/08 | Review final complaint and exhibits for filing. | 0.40 |
| M. Degner | 04/24/08 | Effectuate service of process on defendants. | 0.20 |
| C. R. Ball | 04/29/08 | Confer M. Degner re filing and service and assignment to Magistrate Laporte; discuss initial discovery/disclosure steps. | 0.20 |
| M. Degner | 04/29/08 | Confer with C. Ball regarding assignment of case to magistrate judge Laporte and strategy; filing of proof of service and summons with the court. | 0.50 |
| L. C. Gustafson | 04/29/08 | Report to A. Schurman regarding filing and status. | 0.30 |
| M. Degner | 04/30/08 | Telephone call with B. Makinney regarding assignment to Judge Laporte; email Judge Laporte pdf's of initiating documents; telephone call with C. Ball and L. Gustafson regarding message from Dr. Syverain. | 1.00 |
| L. C. Gustafson | 04/30/08 | Teleconference with Stanford Rehab regarding termination of its use of "Stanford;" teleconference with A. Schurman. | 1.00 |

Total Hours: 17.80

Total Fees Due: $ 6,837.16